UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 14-51212

v.

HONORABLE DENISE PAGE HOOD

JOHN WILLIAM KIRK,

    Defendant.

_____/

**ORDER DENYING MOTION FOR EXPUNGEMENT**

This matter is before the Court on Defendant John Kirk's Motion for Expungement **[Docket No. 2, filed September 9, 2014]**. The criminal docket sheet filed with the Court indicates that on February 17, 1971, an Indictment was filed charging Mr. Kirk with Possession of Illegal Firearm, 26 U.S.C. § 5861(d). The docket sheet also indicates that on November 18, 1971, Mr. Kirk was charged with Interstate Transfer, 18 U.S.C. § 1202(a). Mr. Kirk plead guilty to the charge and on January 10, 1972, he received a two-year term of probation.

Mr. Kirk asserts that he is seeking expungement of his criminal conviction to reassure himself that he lived a quality life. Because firearm ownership is important to him, Mr. Kirk also wants the expungement so that he will be able to purchase a firearm.

In *United States v. Doe,* 556 F.2d 391, 393 (6th Cir. 1977), the Sixth Circuit, in denying expungement, stated that federal courts have "inherent equitable powers ... to order the expungement of a [criminal] record in an appropriate case." Since *Doe,* the Sixth Circuit has noted that it had not put forward a standard to resolve which cases are "appropriate," but has stated that the power is to be used "only in extreme circumstances." *United States v. Robinson,* 79 F.3d 1149, 1996 WL 107129, *1 (6th Cir. Mar. 8, 1996). The power to expunge has been invoked with regard to "illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through government misconduct." *Id.* at *2. Courts have not granted expungement based on the inability to obtain employment, to legally possess firearm, and to become a lawful citizen of the United States, even though the a defendant has attained many accomplishments since the conviction and has lived a law abiding life. *See United States v. Saah,* 2007 WL 734984 (E.D. Mich. Mar. 8, 2007); *United States v. Ursery,* 2007 WL 1975038 (E.D. Mich. Jul. 2, 2007); *United States v. Lind,* 2006 WL 2087726 (E.D. Mich. Jul. 25, 2006).

Based on Mr. Kirk's motion, it appears he has lived as a law-abiding and productive citizen since his conviction. While the Court understands Mr. Kirk's desire to have a criminal record that is "free and clear," Mr. Kirk's situation does not support expungement of his conviction.

Accordingly,

IT IS ORDERED that Defendant's Motion for Expungement **[Docket No. 2, filed September 9, 2014]** is **DENIED**.

IT IS FURTHER ORDERED that this miscellaneous-numbered case is **CLOSED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: August 31, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager